IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| QUINN KLEIN | § | |
| v. | § | CIVIL ACTION NO. 5:06cv148 |
| PAUL KASTNER, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON MOVANT'S MOTION TO SET ASIDE THE JUDGMENT

The Plaintiff Quinn Klein, a former federal prisoner now confined in Oklahoma, filed this lawsuit complaining of alleged deprivations of his constitutional rights. On April 16, 2007, Klein filed a motion to dismiss the lawsuit without prejudice, and his lawsuit was dismissed on April 18, 2007.

However, on April 27, 2007, Klein filed a motion asking for reconsideration of the dismissal which he had requested. He asked that he be given a copy of the indictment of Gary Whiteside, a defendant in this lawsuit, as well as a copy of the judgment in the criminal case against Whiteside, for use in his lawsuit.

On May 14, 2007, the Magistrate Judge issued a Report recommending that Klein's motion for reconsideration be denied. The Magistrate Judge noted that while Whiteside had been indicted on October 12, 2006, the indictment was dismissed on motion of the Government on March 30, 2007. The case was never prosecuted, and so there was no judgment against Whiteside.

The Magistrate Judge observed that motions to reopen cases which were voluntarily dismissed normally are brought under Rule 60(b) and rest in the sound discretion of the district court. In this case, the Magistrate Judge concluded that Klein had not shown any valid basis for setting aside the judgment; the fact that Whiteside was indicted, with the indictment later being dismissed, has no probative value. Even were Klein's motion reviewed under Rule 59, rather than Rule 60, it

1

would still be unavailing, the Magistrate Judge said, because the premise of the motion is the belief that Whiteside was criminally prosecuted and convicted, which simply is not the case. Consequently, the Magistrate Judge recommended that Klein's motion for reconsideration be denied.

Klein filed objections to the Magistrate Judge's Report on June 11, 2007, together with a motion for leave to file his objections out of time; the Court will review his objections as though timely, and so this motion is moot.

In his objections, Klein says that regardless of whether Whiteside was prosecuted or not, he still asks for a copy of the indictment and the evidence against Whiteside so as to help him fight for his rights and the rights of other persons who are in prison, and to show that his allegations are "truth and not fiction."  He also says that he has the right to reopen his case and "recall" his motion to dismiss without having to give any explanation.

Klein goes on to say that the Court violated his rights by allowing the United States Attorney to represent the Defendants even though he, Klein, had filed a motion to prohibit them from doing so.  He says that the Court should appoint him an attorney and deny the Defendants representation from the U.S. Attorney, so they would have to go hire their own lawyers.

Klein's objections are without merit.  The fact that Whiteside was indicted is in and of itself not probative of anything, particularly in light of the fact that the indictment was later dismissed.  The Magistrate Judge correctly set out the prevailing legal standards regarding the reopening of voluntarily dismissed cases, such reopening being committed to the sound discretion of the trial court.  Klein's motion to prohibit the Defendants from being represented by the U.S. Attorney's office lacks any basis in law and was properly denied.  Nor did Klein show that his case presented "exceptional circumstances" so as to justify appointment of counsel for him.  *See* Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Plaintiff's motion to reopen his case and for copies of the indictment and judgment against Gary Whiteside, the Report of the Magistrate Judge, and the Plaintiff's objections thereto.

Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Report of the Magistrate Judge (docket no. 44) is ADOPTED as the opinion of the Court. It is further

ORDERED that the Plaintiff's motion to reopen his case and for copies of the indictment and judgment against Gary Whiteside (docket no. 43) is DENIED. Finally, it is

ORDERED that the Plaintiff's motion for leave to file objections out of time (docket no. 46) is DENIED as moot and unnecessary.

**SIGNED this 10th day of July, 2007.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE